[No. B205941. Second Dist., Div. Six. Jan. 22, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT DALE MYERS, Defendant and Appellant.

514

■■■■■■■■■■■■■■■■■■

COUNSEL

James S. Lochead for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Paul M. Roadarmel, Jr., and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**COFFEE, J.**—Appellant Robert Dale Myers pleaded guilty to one count of felony possession of cocaine (Health & Saf. Code, § 11350, subd. (a)), and the trial court deferred entry of judgment. Several weeks later, the court revoked appellant's deferred entry of judgment and reinstated criminal proceedings. It suspended imposition of sentence and granted appellant Proposition 36 drug treatment probation. (Pen. Code, § 1210.1.)[1] Appellant successfully completed the program, and the court granted his request for early termination of probation. It set aside appellant's guilty plea and dismissed the case pursuant to section 1210.1, subdivision (d)(1).

Appellant filed a motion requesting the court to reduce his felony to a misdemeanor, which was denied. He claims that, because he did not serve a prison sentence, his offense cannot be considered a felony. He also raises an equal protection claim. We reject his contentions and affirm.

## DISCUSSION

### Certificate of Probable Cause

Section 1237.5, subdivision (a) provides that a defendant may not appeal a judgment of conviction entered on a plea of guilty or nolo contendere unless he or she has filed a statement with the trial court "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings," and has obtained a certificate of probable cause for the appeal. (See *People v. Mendez* (1999) 19 Cal.4th 1084, 1096 [81 Cal.Rptr.2d 301, 969 P.2d 146].) If, however, the appeal is based solely upon grounds occurring after entry of the plea, which do not challenge its validity, such as sentencing issues, a certificate of probable cause is not required. (Cal. Rules of Court, rule 8.304(b)(4)(B); *People v. Cuevas* (2008) 44 Cal.4th 374, 379 [79 Cal.Rptr.3d 303, 187 P.3d 30].) The People contend that this appeal must be

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

dismissed due to appellant's failure to obtain a certificate of probable cause. However, a certificate is not required because appellant is not challenging the validity of his plea. Rather, he is appealing a matter occurring after he entered his plea and completed probation.

### Denial of Motion to Reduce Felony to Misdemeanor

At oral argument, appellant's attorney argued that the court's lack of authority to sentence appellant to state prison following his completion of section 1210.1 probation "redefined" the crime described in Health and Safety Code section 11350, subdivision (a). He contends that a defendant who has completed Proposition 36 probation cannot be sentenced to state prison; thus his offense is not a felony.

Appellant also contended at oral argument that section 1210.1 is silent as to the classification of his offense as a felony or misdemeanor, following successful probation. We reject this assertion because the statute describes the consequences of a felony conviction by prohibiting gun ownership and placing conditions upon certain types of employment. (*Id.*, subd. (e)(2), (3).) We discuss those provisions more fully below.

■ Section 1210.1 provides an alternative to state prison for any person convicted of a nonviolent drug possession offense. (*People v. Guzman* (2003) 109 Cal.App.4th 341, 346 [134 Cal.Rptr.2d 727].) Probation shall be imposed by suspending the imposition of sentence and the court shall require participation in and completion of a drug treatment program. It may not impose incarceration as an additional condition of probation. (§ 1210.1, subd. (a).)

■ Under certain circumstances, an offense originally charged as a felony may be reduced either by imposing a misdemeanor sentence or by declaring it a misdemeanor upon a grant of probation. (§ 17, subd. (b)(1), (3).) Any crime punishable by death or incarceration in state prison is a felony. (*Id.*, subd. (a).) A "wobbler" is an offense that, in the court's discretion, may be punished as either a felony or misdemeanor. (*Id.*, subd. (b); *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 974 [60 Cal.Rptr.2d 93, 928 P.2d 1171].) However, unless an alternate punishment is authorized by statute, a trial court has no power to reduce a straight felony to a misdemeanor. (*People v. Superior Court (Feinstein)* (1994) 29 Cal.App.4th 323, 330 [34 Cal.Rptr.2d 503]; *People v. Mauch* (2008) 163 Cal.App.4th 669, 677 [77 Cal.Rptr.3d 751].)

■ The plain language of Health and Safety Code section 11350 makes it clear that its violation is a felony that cannot be reduced to a misdemeanor. The statute provides that "every person who possesses (1) any controlled

substance . . . specified in subdivision (b) . . . of Section 11055 . . . shall be punished by imprisonment in the state prison." (*Id.*, § 11350, subd. (a).) Cocaine is enumerated as a controlled substance. (Health & Saf. Code, § 11055, subd. (b)(6).) ■ Health and Safety Code section 11350 does not authorize an alternative to punishment in state prison.

■ Appellant also invokes section 18 to support his argument. Section 18 provides that, where an offense is punishable by a state prison sentence *or* a fine, it may be punished as a misdemeanor, rather then a felony. (*People v. Mauch, supra*, 163 Cal.App.4th at p. 675.) Appellant's contention is meritless because Health and Safety Code section 11350 is not punishable by imposition of a fine. The trial court was aware that it lacked discretion to reduce appellant's offense to a misdemeanor and properly denied his motion.

*Constitutionality of Section 1210.1*

Appellant contends that section 1210.1 violates the equal protection clauses in the state and federal Constitutions. He points to section 1210.1, subdivision (e)(2) and (3) which require disclosure of a defendant's conviction under limited circumstances, and claim these requirements severely curtail his opportunities for employment.

■ Section 1210.1, subdivision (e)(1) provides that, after a conviction is set aside and the complaint dismissed, the arrest and conviction shall be deemed to have never occurred. Despite the dismissal, the defendant may not possess a firearm. (*Id.*, subd. (e)(2).) In response to any inquiries concerning a criminal record, the defendant may state that he has not been arrested or convicted of the offense. The record that he completed a drug treatment program may not be used in any way that could result in "denial of any employment, benefit, license, or certificate." (*Id.*, subd. (e)(3).)

An exception exists if there is a law enforcement inquiry or the defendant applies for public office or for a position as a peace officer. Under those circumstances, the Department of Justice may disclose the fact of his arrest, conviction and probation. A defendant must also disclose this information in response to a direct question in connection with licensure by any state or local agency, for contracting with the California State Lottery or to serve on a jury. (§ 1210.1, subd. (e)(3).) Appellant acknowledges that he did not raise the constitutionality of section 1210.1 below, but claims we may nevertheless consider it on appeal. The People claim that appellant has waived his claim by failing to raise it below.

■ Waiver aside, appellant has not shown how the application of section 1210.1, subdivision (e)(2) and (3) denied him equal protection of the law.

This requires a showing that the state has adopted a classification that results in unequal treatment for two or more groups that are similarly situated. (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253 [127 Cal.Rptr.2d 177, 57 P.3d 654].)  ▋ Section 1210.1 applies to all persons who have been convicted of nonviolent drug possession offenses, where imposition of sentence has been suspended and probation granted. That a defendant who has committed a felony might suffer different consequences than one who has committed a misdemeanor does not constitute a denial of equal protection.

The judgment is affirmed

Gilbert, P. J., and Yegan, J., concurred.