NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 05 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 11-50317 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 2:10-cr-01083-SVW-1 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| OSWALDO RAMIREZ, AKA | ) | |
| Flaco, AKA Speedy, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted October 9, 2012[**]
Pasadena, California

Before:    EBEL,[***] FERNANDEZ, and BERZON, Circuit Judges.

Oswaldo Ramirez appeals his sentence for conspiracy to engage in the

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***]The Honorable David M. Ebel, Senior United States Circuit Judge for the Tenth Circuit, sitting by designation.

business of dealing in firearms without a license.  See 18 U.S.C. §§ 371, 922(a)(1)(A).  We affirm.

(1)    Ramirez first asserts that the district court committed procedural error[1] in calculating his Guideline range.  He contends the court improperly added one point to his criminal history score[2] due to a state drug conviction[3] that had been set aside after Ramirez's successful completion of drug treatment and the terms of probation.[4]  We disagree.  While Ramirez did benefit from a state diversion program, he was afforded that after his guilty plea.[5]  Moreover, his conviction was not expunged[6]  because it could still be used in a number of important ways; its effects were not inconsiderable.  See Cal. Penal Code § 1210.1(e)(3); People v. DeLong, 101 Cal. App. 4th 482, 484, 491, 124 Cal. Rptr. 2d 293, 294, 299–300 (2002) ("[T]he conviction still exists for some purposes and has certain prejudicial

---

[1]See United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

[2] See USSG §4A1.2.  All references to the Sentencing Guidelines are to the November 1, 2010, version unless otherwise stated.

[3]Ramirez pled guilty to a violation of California Health and Safety Code section 11377(a).

[4]See Cal. Penal Code § 1210.1(e)(1), held unconstitutional in other part by Gardner v. Schwarzenegger, 178 Cal. App. 4th 1366, 101 Cal. Rptr. 3d 229 (2009).

[5]See USSG §4A1.2(f), & comment. (n.9).

[6]See USSG §4A1.2(j), & comment. (n.10).

collateral consequences."); see also People v. Myers, 170 Cal. App. 4th 512, 517, 87 Cal. Rptr. 3d 916, 918–19 (2009) (recognizing that a person whose conviction is set aside under § 1210.1(e) can be treated differently because he committed a felony). Thus, Ramirez's state drug conviction existed and for Guidelines purposes was not expunged. See United States v. Bays, 589 F.3d 1035, 1039 (9th Cir. 2009); United States v. Hayden, 255 F.3d 768, 772, 774 (9th Cir. 2001). While in the context of our immigration cases we have alluded to section 1210.1 in a manner that suggested it was an expungement statute,[7] that was not in the context of the Guidelines and the niceties of set aside versus expungement were not the focus of our decision.[8]

(2)     Ramirez next asserts that the district court committed procedural error because it did not sufficiently explain its consideration of the 18 U.S.C. § 3553(a) sentencing factors. Again, we must disagree. Ramirez did not raise this issue at the district court, so our review is for plain error. See United States v. Ayala-Nicanor, 659 F.3d 744, 746–47 (9th Cir. 2011), cert. denied, __ U.S.__, 132 S. Ct. 1941, 182 L. Ed. 2d 797 (2012). Here there was no error at all, much less plain

---

[7]See Nunez-Reyes v. Holder, 646 F.3d 684, 687–88 (9th Cir. 2011) (en banc).

[8]Cf. Hayden, 255 F.3d at 773.

error. Rather, our "review of the sentencing hearing transcript establishes that the district court provided an adequate explanation for the sentence it imposed." United States v. Apodaca, 641 F.3d 1077, 1081 (9th Cir.), cert. denied, __ U.S.__, 132 S. Ct. 296, 181 L. Ed. 2d 179 (2011). That is particularly true in light of the record[9] and the fact that we assume the district court was well aware of the law and of its obligations.[10] In fact, no lengthy explanation was required in this relatively straightforward case. See Carty, 520 F.3d at 992.

(3)     Finally, Ramirez contends that his sentence was substantively unreasonable. However, the district court did explain the reasons for its nine-month upward variance from the Guideline range, and the record exhibits the court's "'rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a).'" United States v. Ressam, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc). This simply is not a "rare case"[11] where we can find that the district court abused its discretion.[12]

AFFIRMED.

---

[9]See United States v. Blinkinsop, 606 F.3d 1110, 1114 (9th Cir. 2010) cert. denied, __ U.S. __, 132 S. Ct. 1055, 181 L. Ed. 2d 774 (2012).

[10]See Carty, 520 F.3d at 992.

[11]Ressam, 679 F.3d at 1088 (internal quotation marks omitted).

[12]See United States v. Autery, 555 F.3d 864, 871 (9th Cir. 2009).