Filed 11/25/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MILES ANTHONY WOODWARD,<br><br>    Defendant and Appellant. | H051732<br>(Santa Cruz County<br>Super. Ct. No. F28588) |

Defendant Miles Anthony Woodward appeals from the trial court's denial of his motion to: (1) reduce to a misdemeanor under Penal Code section 17[1] his 2015 felony conviction for failure to register a change of address as a sex offender registrant; and (2) dismiss under section 1203.4 his 2015 case. For the reasons explained below, we will affirm the trial court's order denying the motion.

## I. BACKGROUND[2]

Woodward pleaded no contest in 2011 to one felony count of possessing child pornography (§ 311.11, subd. (a)).[3] The trial court placed Woodward on probation for 60 months. Woodward's conviction required him to register as a sex offender under section 290.

---

[1] Unspecified statutory references are to the Penal Code.

[2] The underlying facts in this case are not relevant to the issues on appeal. Therefore, we only include the procedural history of this matter.

[3] Woodward's request for judicial notice of minute orders relating to his 2011 conviction is granted. (Evid. Code, § 452, subd. (d)(1).)

In 2015, Woodward pleaded guilty to one count of failure to register a change of address, in violation of section 290.013, subdivision (a). Section 290.018, subdivision (b) (hereafter section 290.018(b)) states that a person required to register as a sex offender "based on a felony conviction" who willfully violates a registration requirement is guilty of a felony. Because Woodward's registration requirement was based on his 2011 felony conviction, his 2015 failure to register a change of address conviction was a felony. The trial court placed Woodward on probation for 36 months.

Woodward later moved under section 17, subdivision (b) (hereafter section 17(b)) to reduce his 2011 felony conviction for possessing child pornography to a misdemeanor, and to dismiss his 2011 case pursuant to section 1203.4. The trial court granted the motion in April 2022, reducing the felony count to a misdemeanor and then dismissing the case.

Woodward then moved in September 2023 to reduce the 2015 felony failure to register a change of address conviction to a misdemeanor under section 17(b), and to dismiss the case pursuant to section 1203.4. Regarding the section 17(b) aspect of the motion, Woodward asserted that reducing the 2015 offense to a misdemeanor would further his rehabilitative efforts. As to the section 1203.4 portion of the motion, Woodward cited the absence of offenses since the 2015 conviction and his release from probation. The motion attached a declaration and letter from Woodward outlining his remorse and rehabilitative measures, and letters from Woodward's family and other associates attesting to Woodward's character and rehabilitative efforts.

The prosecution opposed Woodward's motion. Concerning the section 17(b) portion of the motion, the prosecutor asserted that because the underlying section 311.11 offense was still a felony in 2015, Woodward was properly convicted of a felony failure to register offense. The prosecution's opposition stated in its conclusion: "As stated above the People submit to the appropriateness of the granting of [section] 1203.4

2

relief . . . ." However, nothing else in the prosecution's opposition addressed the section 1203.4 portion of Woodward's motion.

At a hearing on the motion, Woodward's counsel argued that reducing the 2015 conviction to a misdemeanor was "in the interest of justice." Woodward's counsel argued that the trial court could reduce the 2015 conviction to a misdemeanor under section 17(b) because the 2011 possession of child pornography offense had been reduced to "a misdemeanor for all purposes, including the purpose of determining whether the [section] 290 violation is now a misdemeanor or a felony." Additionally, Woodward's attorney stated: "I also think there's a substantive due process argument if Your Honor finds this is not reducible in that the controlling charge of which Mr. Woodward was convicted, is arguably far more serious" than the failure to register a change of address offense. Regarding the section 1203.4 portion of the motion, defense counsel argued that the trial court could "look at the totality of the circumstances and either dismiss this charge outright pursuant to [section] 1385 or allow him to withdraw his plea to the violation and dismiss it at that point."

The prosecution argued that when Woodward pleaded to the failure to register offense, the earlier underlying section 311.11 conviction was a felony. Thus, the prosecutor asserted that under section 290.018(b) the failure to register conviction could "only be a felony," stating "it's not something that you can go back into the past." Further, the prosecutor argued that denying the motion would not create a substantive due process issue and dismissing the case was not appropriate.

The trial court orally denied both components of the motion. In brief comments, the trial court stated that the motion presented "a very interesting legal issue," that the failure to register conviction was "not a wobbler and therefore I'm not going to reduce it to a misdemeanor," that it was "not comfortable at this point dismissing everything under [section] 1385," and that "[i]f you can get guidance from the Court of Appeal[], that's

3

great."  Woodward's counsel then asked:  "What about his motion to withdraw the plea?"  The trial court responded:  "That's denied as well."  Woodward timely appealed.

## II. DISCUSSION

### A. *Motion to Reduce 2015 Conviction to a Misdemeanor*

Section 17(b) generally provides a trial court the authority to declare a wobbler offense—an offense punishable as either a felony or a misdemeanor in the discretion of the court—to be a misdemeanor in certain circumstances, including upon application of the defendant.  (*Id.*, subd. (b)(3).)  Section 290.018(b) states that a person who violates a sex offender registration requirement that is "based on a felony conviction" is guilty of a felony, while subdivision (a) states that a person who violates a registration requirement "based on a misdemeanor conviction" is guilty of a misdemeanor.

Based on these provisions, Woodward argues that the trial court abused its discretion by not reducing his 2015 conviction to a misdemeanor because either:  (1) his 2015 failure to register conviction was a wobbler offense that could be reduced under section 17(b); or (2) when the trial court reduced Woodward's 2011 conviction to a misdemeanor, it also "*de facto* changed" his 2015 conviction to a misdemeanor, and his section 17(b) motion concerning the 2015 offense simply asked the trial court to recognize this.  Woodward asserts that this issue presents a case of first impression.

The Attorney General responds that the trial court lacked authority under section 17(b) to reduce the 2015 conviction to a misdemeanor because section 17(b) only applies to wobbler offenses, and the 2015 conviction was not a wobbler.

### 1. *Legal principles and standard of review*

"The Legislature has classified most crimes as *either* a felony or a misdemeanor, by explicitly labeling the crime as such, or by the punishment prescribed."  (*People v. Park* (2013) 56 Cal.4th 782, 789 (*Park*).)  "There is, however, a special class of crimes involving conduct that varies widely in its level of seriousness.  Such crimes, commonly

4

referred to as 'wobbler[s]' [citation], are chargeable or, in the discretion of the court, punishable as either a felony *or* a misdemeanor; that is, they are punishable either by a term in state prison or by imprisonment in county jail and/or by a fine.  [Citations.]" (*Ibid.*, fn. omitted.)  Conversely, a " 'straight felony' " is an offense punishable only as a felony.  (*Sannmann v. Department of Justice* (2020) 47 Cal.App.5th 676, 679, fn. 2.)

"Possession of child pornography in violation of section 311.11 is a wobbler because it can be punished as either a misdemeanor or felony.  [Citation.]  Either version requires sex offender registration."  (*People v. Hamilton* (2025) 108 Cal.App.5th 423, 433 (*Hamilton*).)

"An alternative felony/misdemeanor, also known as a 'wobbler,' is deemed a felony unless charged as a misdemeanor by the People or reduced to a misdemeanor by the sentencing court under Penal Code section 17, subdivision (b).  [Citation.]" (*People v. Statum* (2002) 28 Cal.4th 682, 685.)  A wobbler the sentencing court reduces to a misdemeanor "is a misdemeanor for all purposes . . . ."  (§ 17(b).)  Section 17(b) "applies solely to" wobblers, and "does not confer upon the trial court the authority to reduce a straight felony to a misdemeanor.  [Citations.]"  (*People v. Feyrer* (2010) 48 Cal.4th 426, 441-442 (*Feyrer*).)  " ' "Fixing the penalty for crimes is the province of the Legislature," ' " and when the Legislature has categorized an offense as a straight felony, "a trial court exceeds its jurisdiction 'in purporting to reduce the offense to a misdemeanor.' [Citation.]"  (*Id.* at p. 442.)

Section 290.013, subdivision (a) states that a person who is required to register as a sex offender shall notify law enforcement within five working days of a move to a new address.  Section 290.018(b) states that with exceptions not relevant here, a person required to register "based on a felony conviction" who willfully violates any registration requirement "is guilty of a felony and shall be punished by imprisonment in the state prison for 16 months, or two or three years."

5

Whether the trial court had the authority to reduce Woodward's 2015 conviction to a misdemeanor under section 17(b) is a question of law we review de novo. (See *People v. Martinez* (2016) 5 Cal.App.5th 234, 240 [whether offenses are eligible for misdemeanor designation under Proposition 47 is a question of law subject to de novo review].) "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning. [Citation.]" (*People v. Murphy* (2001) 25 Cal.4th 136, 142.)

### 2. *Analysis*

Woodward pleaded to felony possession of child pornography in 2011. At the time of Woodward's 2015 conviction for failing to register a change in address, his 2011 conviction was still designated a felony. Because Woodward's registration requirement was "based on a felony conviction," section 290.018(b) required his ensuing conviction to also be designated a felony. Accordingly, Woodward pleaded guilty to a felony violation in 2015.

Woodward's 2015 failure to register a change of address conviction was a straight felony, not a wobbler. Section 290.018's different subdivisions prescribe that failure to register is either a felony or a misdemeanor, depending on the defendant's prior record. But once the elements of one subdivision have been duly pleaded and proven, section 290.018 contains no language granting the trial court discretion to choose another. Instead, section 290.018(b) states that a person who willfully violates a registration requirement that is based on a felony conviction "is guilty of a felony and shall be punished by imprisonment in the state prison for 16 months, or two or three years." Thus, the Legislature has designated such a violation a felony "by explicitly labeling the crime as such," and also "by the punishment prescribed." (*Park*, *supra*, 56 Cal.4th at p. 789.) Section 290.018(b) does not provide for punishment by imprisonment in county

jail for not more than a year or in state prison, which is "classic 'wobbler' language." (*People v. McElroy* (2005) 126 Cal.App.4th 874, 880, fn. omitted.)

Woodward relies on *People v. Carranza* (1996) 51 Cal.App.4th 528 (*Carranza*) to argue that his 2015 offense was a wobbler. However, *Carranza* is inapposite. Carranza was convicted of violating former section 290, subdivision (g)(2), failure to register a change of address. (*Carranza*, *supra*, at p. 529.) Former section 290, subdivision (g)(3) stated that a willful violation of a registration requirement based on a felony conviction is a felony, but it also stated that a person sentenced under this subdivision "*shall be sentenced to serve a term of not less than 90 days nor more than one year in a county jail*," and "[i]n no event does the court have the power to absolve a person who willfully violates this section from the obligation of spending at least 90 days in confinement in a county jail and of completing probation of at least one year." (*Carranza*, *supra*, at pp. 533-534.) The trial court reduced the failure to register offense to a misdemeanor pursuant to section 17. (*Carranza*, *supra*, at p. 530.) On the prosecution's appeal, a panel of this court affirmed the reduction, stating that "the Legislature included an alternative sentence of no more than one year in the county jail," making the offense "an alternative felony/misdemeanor." (*Id.* at p. 536.)

*Carranza* does not demonstrate that the current version of section 290.018(b) grants a trial court the discretion this court discerned in former section 290, subdivision (g). The current statute contains no language stating that a person shall be sentenced to a term of not less than 90 days nor more than one year in a county jail. Instead, subdivision (c) of section 290.018 states: "If probation is granted or if the imposition or execution of sentence is suspended, it shall be a condition of the probation or suspension that the person serve at least 90 days in a county jail." This language does not provide for an alternative sentence of no more than a year in county jail. It states only that a condition of probation must be that the person serve at least 90 days in county jail. This does not transform section 290.018(b) into a wobbler offense. (Cf. *People v.*

7

*Myers* (2009) 170 Cal.App.4th 512, 515-517 [possessing cocaine conviction was a straight felony even though probation was granted and defendant did not serve a prison sentence].) We therefore conclude that *Carranza* does not support the conclusion that section 290.018(b) is a wobbler offense.[4]

Because section 17(b) only applies to wobbler offenses and Woodward's 2015 conviction was for a straight felony rather than a wobbler offense, the trial court lacked authority to grant Woodward's section 17(b) motion. (*Feyrer*, *supra*, 48 Cal.4th at pp. 441-442.)

Woodward contends that even though section 17(b) does not authorize reduction of straight felonies to misdemeanors, his 2015 felony conviction "*de facto*" became a misdemeanor offense because the later reduction of his 2011 conviction made the 2011 conviction a misdemeanor "for 'all purposes.' " He argues that his section 17(b) motion merely served as the vehicle to prompt the trial court to recognize that the 2015 conviction was therefore a misdemeanor offense.

The 2022 reduction of Woodward's 2011 section 311.11 offense to a misdemeanor made that conviction a misdemeanor "for all purposes" under section 17(b). However, this reduction did not retroactively affect the designation of Woodward's 2015 failure to register conviction. "If ultimately a misdemeanor sentence is imposed, the offense is a misdemeanor from that point on, but not retroactively . . . ." (*Feyrer*, *supra*, 48 Cal.4th at p. 439.) "In other words, a court's declaration of misdemeanor status renders an offense a misdemeanor *for all purposes*, not *at all times*. Thus, a declaration that a wobbler is a misdemeanor does not 'relate back' and alter that offense's original status as a wobbler

---

[4] As Woodward notes, another Court of Appeal disagreed with *Carranza*, concluding that the defendant's violation of former section 290 was a straight felony and thus the trial court lacked jurisdiction to declare it a misdemeanor pursuant to section 17. (*People v. Prothero* (1997) 57 Cal.App.4th 126, 134.)

that is, by definition, to be treated as a felony until declared otherwise." (*In re C.H.* (2016) 2 Cal.App.5th 1139, 1146.)

Woodward primarily relies on *Park*, *supra*, 56 Cal.4th 782 to support the argument that his 2015 conviction "*de facto*" became a misdemeanor offense when the 2011 conviction was reduced to a misdemeanor. However, *Park* does not support Woodward's argument.

Park pleaded guilty in 2003 to felony assault with a deadly weapon, a wobbler offense. (*Park*, *supra*, 56 Cal.4th at pp. 787, 790.) After Park successfully completed the terms of his probation, the trial court reduced the offense to a misdemeanor pursuant to section 17(b) and then dismissed the charge altogether under section 1203.4. (*Park*, *supra*, at p. 787.) Then, Park was convicted of attempted voluntary manslaughter and admitted he had suffered a prior serious felony conviction, though Park and his counsel informed the trial court that the 2003 conviction that formed the basis for the prior serious felony allegation had been reduced to a misdemeanor. (*Id.* at pp. 787-788.) The trial court imposed a sentence that included an enhancement for the prior serious felony. (*Id.* at p. 788.)

The California Supreme Court held that Park was not subject to an enhancement for a prior serious felony offense. (*Park*, *supra*, 56 Cal.4th at p. 798.) Noting section 17(b)'s language that a wobbler offense reduced to a misdemeanor is "a 'misdemeanor for all purposes,' " the court stated that "reduction of a wobbler to a misdemeanor under what is now section 17(b) generally precludes its use as a prior felony conviction in a subsequent prosecution. [Citations.]" (*Park*, *supra*, at pp. 793, 794.) Thus, the *Park* court concluded that the "defendant's earlier offense did not qualify as a prior serious felony for purposes of enhancement under section 667(a)." (*Id.* at p. 795.) However, the court stated: "There is no dispute that . . . defendant would be subject to the section 667(a) enhancement had he committed and been convicted of the

present crimes before the court reduced the earlier offense to a misdemeanor." (*Id.* at p. 802.)

Woodward's situation falls under the qualification outlined in *Park*. Woodward's 2011 felony conviction for possessing child pornography was not reduced to a misdemeanor until April 2022, nearly seven years after his 2015 failing to register a change of address conviction. *Park* recognized that a felony conviction that is reduced to a misdemeanor only after a subsequent conviction still results in a prior serious felony enhancement. Similarly here, Woodward's 2022 reduction of his 2011 conviction cannot be used to retroactively affect the nature of his 2015 conviction.

Woodward also cites *Park* to assert that his 2011 felony conviction was "always 'provisional,' thus rendering the felony status of any vicarious registration offense always *de facto* 'provisional' as well." (Fn. omitted.) In *Park*, the court explained that "when a defendant's guilt of a wobbler has been established by plea or verdict, but there is no pronouncement of judgment by the court, the defendant's status is that of a convicted felon, although that status is only provisional because 'it could, in due course, have been changed to that of a misdemeanant by pronouncement of a sentence to the county jail or for a fine.' [Citation.]" (*Park, supra,* 56 Cal.4th at p. 800.) Here, by contrast, Woodward pleaded to felony possession of child pornography, he was sentenced for a felony offense, and judgment was rendered accordingly. The felony status of his 2011 conviction was not provisional at the time of the 2015 conviction.

As Woodward acknowledges, the court in *Park* stated that "a wobbler becomes a 'misdemeanor for all purposes' under section 17(b)(3) only when the court takes affirmative steps to classify the crime as a misdemeanor." (*Park, supra,* 56 Cal.4th at p. 793.) The trial court here did not take affirmative steps to reduce Woodward's 2011 conviction to a misdemeanor until 2022. In 2015, Woodward's possession of child pornography conviction was a felony, and accordingly, his 2015 failure to register conviction was properly designated as a felony.

10

Since *Park* was decided, the California Supreme Court has held that defendants may challenge felony-based section 667.5 and section 12022.1 sentencing enhancements when the underlying felonies have been subsequently redesignated as misdemeanors not under section 17(b) but instead under section 1170.18. (*People v. Buycks* (2018) 5 Cal.5th 857, 871 (*Buycks*).) Section 1170.18, which was brought about by the passage of Proposition 47, "reclassified as misdemeanors certain offenses that previously were felonies or 'wobblers.' " (*Buycks*, *supra*, at p. 871, fn. omitted.) Section 1170.18 contains similar language to section 17(b) by stating that a felony conviction that is recalled and resentenced or designated as a misdemeanor "shall be considered a misdemeanor for all purposes," with certain listed exceptions. (§ 1170.18, subd. (j).) Our Supreme Court held that this provision "operates prospectively—by having ameliorative effect on any new collateral consequence imposed after a successful Proposition 47 resentencing." (*Buycks*, *supra*, at p. 876.) However, based on the terms and intent of the statute, the court held that the "misdemeanor for all purposes" language in section 1170.18 "also requires felony-based section 667.5 and 12022.1 enhancements to be retroactively stricken, but only with regard to judgments that were not final at the time the initiative took effect." (*Buycks*, *supra*, at p. 876, fn. omitted.)

*Buycks* thus represents an exception to the general rule that "misdemeanor for all purposes" language operates only prospectively. However, the exception outlined in *Buycks* is a narrow one, applicable only to section 1170.18 reductions of felonies to misdemeanors and only when the judgment was not final at the time Proposition 47 took effect. Woodward's case does not meet these criteria.

Under the plain language of section 290.018(b), Woodward's 2015 failure to register offense was "based on a felony conviction." While we acknowledge the policy-based arguments Woodward makes below, the language of both section 17(b) and section 290.018(b) compel the conclusion that Woodward's 2015 conviction is not a

11

wobbler, and thus the trial court could not reduce it to a misdemeanor under section 17(b).

## B. *Substantive Due Process Argument*

Woodward next raises a substantive due process argument concerning the denial of his section 17(b) motion. Woodward asserts that "he has a substantive due process right to receive commensurable misdemeanor reductions under section 17, subdivision (b)(3), for both his more serious felony section 311.11 registerable offense and his less serious collateral felony section 290.013 registration offense to ensure ' "a reasonable relation to a proper legislative purpose." ' " He argues that allowing his failure to register conviction to stand as a felony "would turn the punishment consequences for primary sex offenses committed against others and subordinate sex registration offenses providing governmental supervision/surveillance on its head, where the less serious collateral sex registration offenses ultimately have greater, long term punishment consequences than the much more serious primary sex offenses committed against aggrieved victims." He asserts that "[t]here is simply no legislative purpose for this upside down punishment scheme that reasonably relates ' "to a proper legislative goal" ' to prevent sex offenses and to collaterally surveil/supervise those who do."

The Attorney General asserts that this court should review Woodward's substantive due process claim under the rational basis standard, and that under this deferential approach, the state has a legitimate penological interest in treating straight felony offenses more harshly than wobbler offenses.

### 1. *Legal principles and standard of review*

"The Fourteenth Amendment's due process clause ' "forbids the government to infringe . . . 'fundamental' liberty interests" ' in any manner ' "unless the infringement is narrowly tailored to serve a compelling state interest [(i.e., strict scrutiny review)]." ' [Citations.]" (*In re Taylor* (2015) 60 Cal.4th 1019, 1036.) If a fundamental liberty

interest is not impacted, "all that is required is that 'a reasonable relation to a legitimate state interest' [citation] (i.e., a rational basis) be shown in order to justify the state action or find the challenged statute constitutional [citation]." (*Ibid.*)

"We apply the de novo standard of review to constitutional questions. [Citation.]" (*In re C.P.* (2020) 47 Cal.App.5th 17, 27.)

### 2. *Analysis*

Woodward argues that either the Legislature has violated his substantive due process right by denying the trial court discretion to reduce his 2015 conviction to a misdemeanor, or the trial court violated his substantive due process right by failing to exercise discretion afforded it under section 17(b) to reduce his 2015 conviction to a misdemeanor. As stated above, we conclude that the trial court lacked discretion to reduce Woodward's 2015 conviction to a misdemeanor because Woodward's failure to register offense was a straight felony, not a wobbler. We thus analyze this issue as if Woodward's complaint is directed toward the legislative structure that denied the trial court discretion to grant section 17(b) relief.

Woodward's brief did not clearly state whether strict scrutiny or rational basis review should apply, but in oral argument, Woodward conceded that rational basis review is appropriate. We agree that rational basis review applies to this issue. "A criminal defendant has no vested interest ' ". . . in the designation a particular crime receives." ' [Citation.]" (*People v. Turnage* (2012) 55 Cal.4th 62, 74.) "It is both the prerogative and the duty of the Legislature to define degrees of culpability and punishment, and to distinguish between crimes in this regard. [Citation.] Courts routinely decline to intrude upon the 'broad discretion' such policy judgments entail. [Citation.]" (*Ibid.*) "At bottom, the Legislature is afforded considerable latitude in defining and setting the consequences of criminal offenses. [Citations.]" (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 887 (*Johnson*).)

13

Applying rational basis review, we conclude that Woodward has not demonstrated a substantive due process violation. Woodward offers reasoned arguments that as a matter of equity, his 2015 failure to register conviction should not remain fixed as a felony while his underlying registerable offense has been reduced to a misdemeanor. These arguments may prove persuasive if presented to the Legislature, which is charged with defining crimes as felonies, misdemeanors, or wobblers. Depending on the relevant circumstances, these arguments might also be persuasive to the trial court concerning matters over which the court has discretion. However, Woodward's arguments do not demonstrate a substantive due process violation due to his ineligibility for section 17(b) relief, and this court may not rewrite section 17(b) or section 290.018(b) to achieve the result Woodward seeks.

Woodward cites no case stating that the characterization of a failure to register conviction as a felony violates a defendant's right to substantive due process. Generally, reviewing courts have upheld sex offender registration laws against various constitutional challenges and have noted the state's legitimate interest in enacting sex offender registration measures. The California Supreme Court has held that sex offender registration laws do not constitute cruel or unusual punishment because their purpose " ' "is to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future," ' " and because such laws are " 'intended to accomplish the government's objective by mandating certain affirmative acts.' [Citations.]" (*In re Alva* (2004) 33 Cal.4th 254, 264 (*Alva*).) Based on recidivism concerns and the "relatively minor burden registration represents, the Legislature may adopt a rule of general application for this class of offenders, and may guard against the demonstrated long-term risk of reoffense by imposing a permanent obligation on persons convicted of such crimes. [Citation.]" (*Id.* at pp. 279-280.) "The means chosen to achieve the regulatory goal are therefore reasonable. [Citation.]" (*Id.* at p. 280.)

14

Registration requirements generally do not violate the right to substantive due process because although they may "impose a heavy burden on those for whom registration is mandatory, the Legislature has the prerogative of 'prescribing the consequences of convictions for various offenses,' which is 'distinctly and solely a legislative function.' [Citation.]" (*People v. Jeha* (2010) 187 Cal.App.4th 1063, 1079.) Thus, "[t]he requirement that sex offenders convicted of certain enumerated offenses be required to register with the state does not serve an arbitrary and unreasonable purpose." (*Id.* at p. 1080.)

Similarly, section 290.018(b) does not violate Woodward's substantive due process right by characterizing his 2015 offense as a felony. Just as the state can impose sex offender registration requirements for those convicted of enumerated offenses to achieve a legitimate state purpose, it can characterize the failure to comply with those requirements as a felony, even if the underlying felony offense for which the registration requirement was imposed is later reduced to a misdemeanor.

In support of his substantive due process argument, Woodward cites *Hamilton*, *supra*, 108 Cal.App.5th 423 to argue that a violation of section 290.013, "while serious, is primarily a compliance issue and does not inherently involve the exploitation or harm of minors." However, *Hamilton* cuts against Woodward's argument rather than supporting it. In *Hamilton*, the Court of Appeal held that where the defendant was convicted of felony child pornography possession under a federal statute equivalent to section 311.11, the defendant did not establish an equal protection or due process violation when the California Attorney General characterized the defendant's offense as a felony requiring lifetime registration rather than as a misdemeanor. (*Hamilton*, *supra*, 108 Cal.App.5th at p. 430.) The Court of Appeal held that "the California Legislature could have reasonably determined that lifetime registration was necessary for offenders who possessed material containing child pornography that traveled in interstate or foreign commerce (or that was

15

produced using material that traveled in interstate or foreign commerce).” (*Id.* at pp. 437-438.)

Just as *Hamilton* held that the seriousness of a possession of child pornography conviction could justify a lifetime registration requirement, here the Legislature could reasonably determine that a felony conviction for failing to register a change of address was warranted even if the underlying felony conviction requiring registration was later reduced to a misdemeanor. Laws criminalizing failure to register as a sex offender further two requirements: “ ‘ “ ‘to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future,’ ” ’ ” and “to notify members of the public of the existence and location of sex offenders so they can take protective measures. [Citation.]” (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1196, overruled on another ground in *Johnson*, *supra*, 60 Cal.4th at p. 875.) The state maintains legitimate interests in ensuring that registration requirements are complied with. The state furthers these interests by prescribing that a person convicted of a felony registerable offense who willfully fails to comply with a registration requirement be convicted of a felony failing to register offense, even if the underlying offense is later reduced to a misdemeanor.

Woodward argues that requiring a felony failure to register conviction in this situation is an “obviously unintended and irrational legislative outcome,” but his argument is better presented to the Legislature. In enacting sex offender registration requirements, “the Legislature must have regulatory leeway to deal with the serious problem of recidivist sex offenses,” and “precise calibration of the risks and dangers presented in each individual case” is not required. (*Alva*, *supra*, 33 Cal.4th at pp. 289-290.) Similarly, the Legislature must be granted leeway to characterize the effect of failing to comply with registration requirements. This court may not override the

Legislature by recharacterizing Woodward's 2015 straight felony offense as a misdemeanor.

The documents accompanying Woodward's section 17(b) motion demonstrate commendable rehabilitative efforts. Woodward asserted at oral argument that such rehabilitative efforts should be encouraged by granting him the same opportunity to reduce his failure to register conviction to a misdemeanor that he had for his underlying registerable offense. However, any relief Woodward wishes to seek regarding his 2015 felony conviction must be pursued through other avenues. For example, Woodward could request executive clemency or seek a legislative change based on his policy arguments. Additionally, based on the trial court's statement that it was not comfortable dismissing the 2015 conviction "at this point," Woodward could elect to bring another section 1203.4 motion even though the court already denied such a motion.

## C. *Section 1203.4 Motion*

Finally, Woodward argues that the trial court erred by not dismissing his 2015 failure to register conviction under section 1203.4. He asserts that the trial court was "mainly focused" on the section 17(b) aspect of his motion and "should have given his section 1203.4 dismissal motion equal review, analysis, and due consideration on the record before denying the motion." The Attorney General responds that the trial court properly denied Woodward's request to dismiss his 2015 conviction. We find no abuse of discretion in the trial court's ruling.

### 1. *Legal principles and standard of review*

Section 1203.4 is "a rehabilitative provision that rewards a person who has successfully completed probation. [Citation.]" (*Park*, *supra*, 56 Cal.4th at p. 803.) Subdivision (a)(1) of the statute states: "When a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its

17

discretion and the interest of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if they are not then serving a sentence for an offense, on probation for an offense, or charged with the commission of an offense, be permitted by the court to withdraw their plea of guilty or plea of nolo contendere and enter a plea of not guilty . . . and . . . the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which they have been convicted . . . ."  The statute thus sets forth three scenarios for relief:  "when the defendant (1) 'has fulfilled the conditions of probation for the entire period of probation,' (2) 'has been discharged prior to the termination of the period of probation,' or (3) 'in any other case in which a court, in its discretion and in the interests of justice, determines that a defendant should be granted the relief available under' section 1203.4. [Citations.]"  (*People v. Seymour* (2015) 239 Cal.App.4th 1418, 1429-1430.)

In the third scenario where a trial court determines whether to grant section 1203.4 relief in the interest of justice, we review the trial court's order under the abuse of discretion standard of review.  (*People v. Allen* (2019) 41 Cal.App.5th 312, 330.)  "In reviewing a trial court's order for an abuse of discretion, we presume the order is correct, indulge all intendments and presumptions to support it on matters as to which the record is silent, and the appellant bears the burden to affirmatively show error.  [Citation.]  'The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary.'  [Citation.]"  (*Ibid.*)  If the trial court "patently failed to consider the matter as one of discretion," this court may order remand "with directions to reconsider the motion on the discretionary ground."  (*People v. Holman* (2013) 214 Cal.App.4th 1438, 1463.)

18

### 2. *Analysis*

The trial court denied the aspect of Woodward's motion that sought dismissal under section 1203.4 without further comment, and it only specifically mentioned this aspect of Woodward's motion after Woodward's counsel prompted the court to do so. Based on this, Woodward asserts that the trial court did not give his section 1203.4 request due consideration and did not consider its discretion to grant section 1203.4 relief in the interests of justice. We do not agree.

Woodward's section 1203.4 request was based on the third scenario under the statute, in which the trial court determines in its discretion and in the interest of justice whether to grant relief. We presume that the trial court engaged in the appropriate analysis to determine whether granting Woodward's requested relief was in the interest of justice, and nothing in the appellate record rebuts this presumption.

Woodward relies on *People v. McLernon* (2009) 174 Cal.App.4th 569 to assert that the trial court "did not properly exercise its full discretion" concerning the section 1203.4 motion. In *McLernon*, the defendant brought a section 1203.4 motion under the third scenario, asking the court to exercise its discretion whether to grant relief in the interests of justice and providing evidence of his conduct since his probation ended. (*McLernon*, *supra*, at p. 572.) The trial court " 'rejected' " the motion because the defendant had previously submitted section 1203.4 requests that were denied for failure to successfully complete probation. (*McLernon*, *supra*, at p. 572.) The Court of Appeal concluded that the record "makes clear that the trial court did not consider the merits of McLernon's motion," and that the trial court solely based its decision on the defendant's unsatisfactory performance on probation. (*Id.* at p. 575.) The Court of Appeal thus reversed, stating: "Because it appears that the trial court did not consider the merits of McLernon's motion, we reverse the order and remand the matter to the trial court to determine whether, in the exercise of its discretion and the interests of justice, McLernon is entitled to relief under section 1203.4." (*Id.* at p. 572.)

Conversely here, nothing in the record demonstrates that the trial court did not consider the merits of Woodward's motion or that the trial court did not recognize it possessed discretion to grant the motion in the interest of justice. The minute order from the motion hearing stated that the trial court read and considered Woodward's motion. When the trial court ruled, it stated that "[t]he motions are denied," evincing its recognition that both the section 17(b) and the section 1203.4 issues were before the court. In addition, the trial court ruled on Woodward's section 1385 request, concluding that dismissing the 2015 conviction was not in furtherance of justice. Presuming the order is correct, and indulging all intendments and presumptions to support the order on matters as to which the record is silent, Woodward has failed to satisfy his burden to affirmatively show error by the trial court. Should Woodward wish to renew such a motion to the trial court, he may do so.

### III. DISPOSITION

The December 6, 2023, order denying Woodward's motion to reduce his 2015 conviction to a misdemeanor under Penal Code section 17(b) and denying the motion to dismiss Woodward's 2015 case under Penal Code section 1203.4 is affirmed.

_____

Greenwood, P. J.

WE CONCUR:


_____

Grover, J.



_____

Lie, J.



People v. Woodward
H051732

Trial Court:                                    Santa Cruz County Superior Court
                                                Superior Court No.:  F28588


Trial Judge:                                    Hon. Stephen Siegel


Attorneys for Defendant and Appellant:          Donald Earl Landis Jr.
Miles Anthony Woodward                          The Law Office of Donald E. Landis Jr.

                                                Sixth District Appellate Program


Attorneys for Plaintiff and Respondent:         Rob Bonta
The People                                      Attorney General of California
                                                Lance E. Winters
                                                Chief Assistant Attorney General
                                                Jeffrey M. Laurence
                                                Senior Assistant Attorney General
                                                Catherine A. Rivlin
                                                Supervising Deputy Attorney General
                                                Ann P. Wathen
                                                Deputy Attorney General

People v. Woodward
H051732